1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11           Respondent,              No. CR S-07-00199 GEB DAD P

12       vs.

13   MIGUEL ANGEL GARCIA,

14           Movant.              FINDINGS AND RECOMMENDATIONS

15   _____/

16           Movant Miguel Angel Garcia is a federal prisoner proceeding pro se with a

17   motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255.

18   Movant seeks post-conviction relief on the grounds that: (1) a 1995 United States Attorney

19   General Memorandum addressing the U.S. Sentencing Guidelines allows for a one to two-level

20   downward departure from the applicable sentencing range if a non-citizen accepts a final

21   deportation order; and (2) a non-citizen is subject to a harsher sentence of imprisonment in

22   violation of the Equal Protection Clause, the Due Process Clause, and the "Equal Rights Act."[1]

23   For the reasons stated below, the court recommends that the motion be denied.

24   ////

25   _____

26   [1]  The court construes movant's citation to the "Equal Rights Act" as a mistaken reference
     to the Civil Rights Act.

## BACKGROUND

On September 7, 2007, movant entered a plea of guilty pursuant to a plea agreement, to illegal reentry in violation of 8 U.S.C. § 1326 and making false statements in application for a passport in violation of 18 U.S.C. § 1542.  (Answer, Ex. 1 - Plea Agreement at 1.)  On December 7, 2007, the court sentenced movant to the custody of the United States Bureau of Prisons for a term of 46 months, a three year term of supervised release, and a $ 200 special assessment.  (Answer, Ex. 4 - Judgment at 1-6.)

Under the plea agreement entered by the parties, the government agreed to recommend a sentence at the low end of the applicable guideline sentencing range as that range was determined by the court, not to oppose a three level reduction in movant's offense level for acceptance of responsibility under U.S.S.G. § 3E1.1, and not to recommend a fine in light of movant's inability to pay a fine.  (Answer, Ex. 1 - Plea Agreement at 3-4.)  In exchange, movant specifically agreed to "give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case so long as his sentence is no longer than the top of the Sentencing Guidelines range determined by the Court consistent with the stipulations set forth above about the Sentencing Guidelines variables (that is, an adjusted offense level of 21 or below) ."  (Id. at 8.)  By entering the plea agreement movant also agreed to waive "any right he may have to bring a post-conviction attack on his conviction or his sentence.  **He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence**."  (Id.) (emphasis added.)

Movant filed his pending § 2255 motion on November 20, 2008.  On March 12, 2009, the Government filed a response, requesting that the court deny the motion.

## LEGAL STANDARDS

A motion to vacate, set aside, or correct a sentence of a person in federal custody pursuant to 28 U.S.C. § 2255 entitles a prisoner to relief if "the court finds . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment

2

1  vulnerable to collateral attack."  Under § 2255, "a district court must grant a hearing to determine

2  the validity of a petition brought under that section, '[u]nless the motions and the files and

3  records of the case conclusively show that the prisoner is entitled to no relief.'" United States v.

4  Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  The court may deny a

5  hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or are

6  so palpably incredible or patently frivolous as to warrant summary dismissal.  United States v.

7  McMullen, 98 F.3d 1155, 1159 (9th Cir.1996); United States v. Burrows, 872 F.2d 915, 917 (9th

8  Cir.1989).  Mere conclusory statements or statements that are inherently incredible in a § 2255

9  motion are insufficient to require a hearing.  United States v. Howard, 381 F.3d 873, 877, 879

10  (9th Cir.2004); United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980).  While a petitioner

11  is not required to allege facts in detail, he must make factual allegations.  Hearst, 638 F.2d at

12  1194.  Accordingly, an evidentiary hearing is only required if: (1) a petitioner alleges specific

13  facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case

14  cannot conclusively show that the petitioner is entitled to no relief.  Howard, 381 F.3d at 877.

## DISCUSSION

15

16  I.  Waiver of § 2255 Rights in Plea Agreement

17         A plea agreement is a contract and subject to contract law standards.  United

18  States v. Trapp, 257 F.3d 1053, 1056 (9th Cir. 2001).  In a plea agreement, a defendant may

19  waive his right to file a motion for relief under 28 U.S.C. § 2255 if done so expressly.  United

20  States v. Nunez, 223 F.3d 956, 959 (9th Cir. 2000); United States v. Pruitt, 32 F.3d 431, 433 (9th

21  Cir. 1994).  The right to collaterally attack a judgment of conviction pursuant to § 2255 is

22  statutory, and a knowing and voluntary waiver of a statutory right is enforceable.  United States

23  v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir.), cert. denied, 546 U.S. 883 (2005); United States v.

24  Nguyen, 235 F.3d 1179, 1182 (9th Cir. 2000); United States v. Abarca, 985 F.2d 1012, 1014 (9th

25  /////

26  /////

3

1    Cir. 1993); United States v. Racich, 35 F. Supp. 2d 1206, 1210 (S.D. Cal. 1999).[2]

2          As noted above, in his plea agreement in the underlying criminal case movant

3    expressly waived his right to collaterally attack his sentence through a § 2255 motion.  (Answer,

4    Ex. 1 - Plea Agreement at 8.)  Moreover, in his motion pending before the court movant does not

5    dispute that this waiver was made knowingly and voluntarily.[3]  Nor does movant claim that he

6    received ineffective assistance from his trial counsel, which might otherwise undermine the

7    knowing or voluntary nature of his plea agreement.  Accordingly, movant's waiver of his right to

8    collaterally attack his judgment and sentence pursuant to § 2255 is enforceable and precludes

9    consideration of his claims.  Nguyen, 235 F.3d at 1182; Abarca, 985 F.2d at 1014.  His motion

10   brought pursuant to 28 U.S.C. § 2255 should therefore be denied.

11                                **CONCLUSION**

12         Accordingly, it is hereby RECOMMENDED that:

13         1.  Movant's November 20, 2008 motion to vacate, set aside, or correct his

14   sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 20) be DENIED; and

15         2.  The clerk of the court be directed to close the companion civil case No. CIV

16   S-08-02854 GEB DAD.

17         These findings and recommendations are submitted to the United States District

18   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

19   days after being served with these findings and recommendations, any party may file written

20

21         [2]  However, a defendant may not waive an ineffective assistance counsel claim
     challenging the knowing and voluntary nature of the plea agreement or waiver itself.  United
22   States v. Jeronimo, 398 F.3d 1149, 1156 n.4 (9th Cir. 2005).

23         [3]  At the time of movant's entry of his guilty pleas, the Assistant United States Attorney
     recited the terms of the plea agreement.  The terms recited on the record included, in part:
24   "[Movant] waives numerous rights, including the rights enumerated in Federal Rule of Criminal
     Procedure 32, **his rights to appeal or collateral attack**, as well as his rights under the Hyde
25   Amendment for attorney's fees and costs."  (Answer, Ex. 2 - Reporter's Transcript of Change of
     Plea Hr'g, Sept. 7, 2007, at 7-8) (emphasis added.)  When the court asked movant if he
26   understood the terms of his plea agreement, movant replied "Yes."  (Id. at 8.)

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within seven days after service of the objections.  The parties are

advised that failure to file objections within the specified time waives the right to appeal the

District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 14, 2010.

DAD:sj
garcia0199.2255

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

5